UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| LAENISE ARNETT, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Cause No.: 1:10-CV-226 RLM |
| | ) |
| MICHAEL ASTRUE, Commissioner | ) |
| of Social Security, | ) |
| | ) |
| Defendant | ) |

OPINION and ORDER

Laenise Arnett seeks judicial review of the Commissioner of Social Security's

final decision denying her application for disability insurance benefits under the

Social Security Act. *See* 42 U.S.C. §§ 416(i) and 423(d). Ms. Arnett's application

claimed she became disabled as of June 14, 2002. Ms. Arnett claims a host of

physical impairments, including peripheral vascular disease (PVD), carotid artery

disease, metabolic problems, vulnerability to blood clotting, left kidney damage,

chronic obstructive pulmonary disease (COPD), anterior disk disease, arthritis,

depression, anxiety, and difficulties with memory and concentration. The court

has jurisdiction over this action under 42 U.S.C. § 405(g).

Ms. Arnett and a vocational expert testified at a hearing before an

administrative law judge in May 2007. In a detailed written decision, the ALJ

denied Ms. Arnett's application in November 2007. The ALJ's decision followed the

standard five-step sequential evaluation used in these matters, *see* 20 C.F.R. §§

404.1520(a)(4) and 416.920(a)(4), and concluded that Ms. Arnett's PVD and COPD

were severe impairments, but that Ms. Arnett's mental limitations and other impairments weren't severe. The ALJ concluded that Ms. Arnett didn't have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1525 and 404.1526).

The ALJ found that Ms. Arnett's testimony about the intensity, persistence and limiting effects of her symptoms wasn't completely credible because the overall record established that she had the residual functional capacity to perform sedentary work with restrictions. "Specifically, Ms. Arnett could lift and carry up to 10 pounds occasionally and less than 10 pounds frequently, sit for six hours of an eight-hour day, and stand and/or walk for two hours of an eight-hour day. Ms. Arnett requires the opportunity to alternate between sitting and standing throughout the workday." (R. 18-19). The vocational expert testified that with these limitations, there would be less than ten percent erosion of sedentary jobs available to Ms. Arnett and that examples of potential jobs were order clerk (food and beverage), bench worker, and surveillance monitor. (R. 797).

The ALJ's decision became the final decision of the Commissioner of Social Security when the Appeals Council denied Ms. Arnett's request for review in 2010. Jones v. Astrue, 623 F.3d 1155, 1160 (7th Cir. 2010). This appeal followed. Ms. Arnett challenges the ALJ's conclusion that she isn't disabled, arguing that the ALJ committed error in not finding her arthritis, thrombosis disorders, obesity/metabolic disorders, depression/anxiety/memory/concentration disorders

to be severe. Ms. Arnett also argues the ALJ's decision wasn't supported by substantial evidence.

## I. STANDARD OF REVIEW

The court must affirm the Commissioner's determination if it is supported by substantial evidence, 42 U.S.C. § 405(g); Young v. Barnhart, 362 F.3d 995, 1001 (7th Cir. 2004), which means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); Jones v. Astrue, 623 F.3d 1155, 1160 (7th Cir. 2010). The court can't re-weigh the evidence, make independent findings of fact, decide questions of credibility, or substitute its own judgment for that of the Commissioner. Clifford v. Apfel, 227 F.3d 836, 869 (7th Cir. 2000). But in reviewing the ALJ's conclusions, "[t]he court will conduct a critical review of the evidence, considering both the evidence that supports, as well as the evidence that detracts from, the Commissioner's decision, and the decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues." Briscoe v. Barnhart, 425 F.3d 345, 351 (7th Cir. 2005). The ALJ isn't required "to address every piece of evidence or testimony presented, but must provide a 'logical bridge' between the evidence and the conclusions so that [the court] can assess the validity of the agency's ultimate findings and afford the claimant meaningful judicial review." Jones v. Astrue, 623 F.3d 1155, 1160 (7th Cir. 2010).

## II. DISCUSSION

### (a) Severity of Impairments

Ms. Arnett argues that the ALJ can't make only two findings of severe impairments if the evidence justifies finding other severe impairments and that the impairments must be examined individually and in combination. Ms. Arnett further argues that her impairments show her endurance is severely limited.

The ALJ's decision is quite detailed in its reasoning and citations to the record, and takes note of all Ms. Arnett's alleged impairments and of the medical evidence and personal statements supporting or detracting from her claimed impairments.

The ALJ examined the findings of seven medical doctors and provided sound reasons for the credit or discredit he gave to the evidence. For example, Dr. Karnani opined that Ms. Arnett could lift or carry up to forty pounds, but the ALJ discredited this medical opinion because the rest of the evidence suggested a limitation of ten pounds. Dr. Patel, Ms. Arnett's primary care physician, first opined that Ms. Arnett could work and then a month later opined that Ms. Arnett couldn't work. But in stating that Ms. Arnett couldn't work, Dr. Patel also said Ms. Arnett has subjective complaints of pain without positive objective findings. The ALJ explained that he gave Dr. Patel's latter opinion less weight because objective medical findings weren't available to corroborate Ms. Arnett's subjective complaints. *Cf.* 20 C.F.R. § 404.1527 (treating physician's rule). As a further example, the ALJ took note of the inconsistencies between Ms. Arnett's live

testimony and her written statements in which her live testimony suggested far more incapacitation than her written statements suggested in things like household chores, social functioning, shopping, and the like. *See* Jones v. Astrue, 623 F.3d at 1160 (noting deference given to ALJ's credibility determinations).

Ms. Arnett lists a host of impairments and impliedly invites a *de novo* review to find that more than two of them are severe. But the standard of review is deferential and not *de novo* and Ms. Arnett's argument provides no guidance on why more than two of her impairments should have been found to be severe, or what consequence such a finding would have on the ALJ's ultimate finding that she can perform a sedentary job with restrictions. Substantial evidence supports the ALJ's finding that only Ms. Arnett's PVD and COPD were severe impairments.

### *(b) Substantial Evidence*

As noted, the ALJ's decision is detailed in citation, discussion, and reasoning. Ms. Arnett, however, argues that her PVD is chronic and won't go away with treatment. Ms. Arnett further summarily argues that her PVD is compelling and the case becomes "more than compelling" when all her impairments are considered together.

The ALJ's decision rested, in part, on evidence that Ms. Arnett's PVD is stable and controlled with medications (R. 22). Ms. Arnett provides no reason for why substantial evidence doesn't support the ALJ's determination that she can work a sedentary job with restrictions. The court's examination of the ALJ's

decision and the record indicates that substantial evidence amply supports the ALJ's decision.

### III. CONCLUSION

The ALJ's decision was articulate and detailed, and supported by numerous citations to the medical evidence. The ALJ accurately and logically bridged the connection between the evidence and the denial of benefits. Based on the foregoing, the court DECLINES Ms. Arnett's request to remand this action to a different ALJ for further proceedings and AFFIRMS the ALJ's denial of benefits.

SO ORDERED.

ENTERED: April 29, 2011

        /s/ Robert L. Miller, Jr.
Judge
United States District Court