UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| LAENISE P. ARNETT, | ) |
| Plaintiff, | ) |
| vs. | ) CAUSE NO. 1:10-CV-226-RLM-RBC |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY, | ) |
| Defendant. | ) |

OPINION and ORDER

Laenise P. Arnett applied for Social Security disability benefits and, after being denied by the agency and the Administrative Law Judge, she filed an action under 42 U.S.C. § 405(g) with this court. The court affirmed the Agency's decision and Ms. Arnett appealed, finally prevailing in the court of appeals. *See* Doc. No. 39, Mandate of United States Court of Appeals. Ms. Arnett has moved for attorney's fees under the Equal Access to Justice Act (EAJA). 28 U.S.C. § 2412. The Commissioner doesn't contend that the Agency's position was substantially justified or that the award is otherwise unjust. *See* § 2412(d)(1)(A) (instructing courts to award fees to the prevailing party, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."). The Commissioner also acknowledges that the number of hours is reasonable. *See* § 2412(C) (allowing a court to reduce the award if the prevailing party protracted the resolution).

The Commissioner objects to the hourly rate, saying that Ms. Arnett hasn't justified the increase from the statutorily-created presumption of $125 per hour.

Ms. Arnett requests that the Agency compensate her counsel at a rate of $169.05 for hours expended in 2010, $171.86 for 2011 hours, and $175.13 for 2012 hours. The EAJA limits the hourly rate: "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." § 2412(d)(2)(A)(ii). Unlike other fee-shifting statutes, the EAJA doesn't initially seek the prevailing hourly rate, but instead sets the rate at $125 unless the plaintiff can show that either inflation or a special factor justifies more. Mathews-Sheets v. Astrue, 653 F.3d 560, 563 (7th Cir. 2011). Furthermore, if the attorney selects to justify the higher rate by showing that there has been price inflation since 1996 (the year Congress raised the presumptive ceiling from $75 to $125), the Act requires more than just a showing that prices have gone up. The attorney must show that the inflation actually affected the ability to deliver legal services. Mathews-Sheets v. Astrue, 653 F.3d at 563 ("An inflation adjustment must, as we said, be justified by reference to the particular circumstances of the lawyer seeking the increase.").

The Commissioner contends that Ms. Arnett must show *both* an increases in prices (that is, inflation) and that a plaintiff can't find a capable lawyer without the increase. At least one court has read Mathews-Sheets this

way. Heichelbech v. Astrue, No. 3:10-CV-65-WGH-RLY, 2011 WL 4452860 (S.D. Ind., Sept. 26, 2011). Yet other courts have said that, even after Mathews-Sheets, there is a question whether the "or" in the EAJA means that the plaintiff can justify the higher rate by showing inflation affects the law practice *or* other special circumstances warrant the higher rate. Claiborne ex rel. L.D. v. Astrue, No. 10-C-7728, 2012 WL 2680777 (N.D. Ill. 2012) ("It is not clear to this Court whether the Mathews–Sheets court intended to require that lawyers seeking a fee increase prove both that (1) inflation has increased the cost of providing adequate legal service, and (2) no competent lawyer in the geographical area would take the case for less than the amount requested in the fee petition. Such a requirement would seem at odds with the disjunctive language in the EAJA. Moreover, the language that the Commissioner relies upon to support its position appears to be dicta."). The court needn't resolve the apparent discrepancy, though, since Ms. Arnett has provided both evidence of how inflation has impacted her attorney's cost of doing business (showing rental rates increasing 23% from 1997 to 2011) and affidavits from Chicago-area attorneys contending that much higher fees are the norm.

Ms. Arnett has calculated inflation exactly using the Consumer Price Index and has documented how that inflation has impacted both her attorney's own cost of doing business (via the rental rate increases) and the legal market by raising the rate a plaintiff would have to pay to obtain an attorney (via the affidavits of attorneys in this line of work). Doc. No. 36, Exhs 2 & 3 and Doc.

No. 40, Exhs 1, 2, & 3.[1] This is a sufficient showing to justify the award requested ($18,632.89).

Ms. Arnett has also asked, via her reply, for an additional $1,182.12 in time spent replying to the request for fees and $805 in court filing fees. The hourly rate is based on the 2012 rate calculated and the fees are the standard filing fees for each court, so the request is reasonable.

The court GRANTS Ms. Arnett's motion for attorney's fees under the EAJA (doc. No. 35) and awards $19,815.01 in attorney's fees and $805.00 in costs.

SO ORDERED.

ENTERED:   July 26, 2012

/s/ Robert L. Miller, Jr.
Judge
United States District Court

---

[1] Some of the information provided was done via the reply. While a reply isn't an appropriate vehicle for raising a new claim, Narducci v. Moore, 572 F.3d 313, 324 (7th Cir. 2009), Ms. Arnett opened the issue in her motion and her furthering of the argument in the reply was a response to the Commissioner's position that the rate is unjustified. See Mathews-Sheets v. Astrue, 653 F.3d at 564 ("The government's brief in response said he was asking for too much. This opened the way for him to reply that it wasn't too much because inflation brought the $125 statutory presumptive maximum to $170 in real terms. This was a permissible reply, not a forfeited argument . . .").